UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KYDERE WILSON,<br><br>Plaintiff,<br><br>v.<br><br>PENNSAUKEN POLICE DEPARTMENT,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-2595 (KMW-EAP)<br><br>MEMORANDUM OPINION AND ORDER |

THIS MATTER comes before the Court by way of Plaintiff Kydere Wilson's ("Plaintiff") Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 1) pursuant to 28 U.S.C. § 1915(a)(1); and

THE COURT NOTING that, having reviewed Plaintiff's IFP Application, Plaintiff declares that she does not have a monthly income or expenses. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does she list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

THE COURT FINDING that because Plaintiff reports having no income, the Court grants the IFP application. The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint (ECF No. 1) is dismissed.

Plaintiff asserts a 42 U.S.C. § 1983 claim against the chief of the Pennsauken Police Department. *See* Compl. at ¶ 4(b). Plaintiff contends that she was severely beaten by a man named Earl Whaley, who used weapons to attack her for over 30 minutes. *Id.* at ¶¶ 4(b), 6. To stop the attack, Plaintiff described the police "rip[ping] him off" of Plaintiff. *Id.* Thereafter, allegedly Earl Whaley filed false charges against Plaintiff who was subsequently incarcerated. *Id.* Plaintiff further asserts that the "police never allowed [her] to press charges." *Id.* Plaintiff seeks relief in the form of damages for her suffering, as well as the denial of her "right to press charges." *Id.* at ¶ 7.

However, the Court cannot provide Plaintiff with the relief she seeks. "Failure to prosecute" or "failure to file criminal charges" is not cognizable under any federal law. *See Rowan v. Staiger*, No. 9-275, 2009 WL 1405494 at *3 (D.N.J. May 19, 2009) ("This Court finds that any such claim alleging failure to prosecute or file criminal charges is not cognizable under any federal law, specifically, 42 U.S.C. § 1983."); *see also Leeke v. Timmerman*, 454 U.S. 83, 85-87, (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non[-]prosecution of another"). Similarly, in *Messner v. Weingarten*, No. 19-15752, 2024 WL 4224836 at *6 (D.N.J. Sept. 17, 2024), the plaintiff was unable bring her claim because there is no cause of action to request the prosecution of another. *See also Fakla v. Borough of Middlesex*, No. 22-04126, 2023 WL 4197168 at *3 (D.N.J. Jun. 27, 2023) ("courts have long held that civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third part[y].").

2

With regard to her claim for damages, Plaintiff does not provide sufficient facts to state a claim. To state a claim pursuant to 42 U.S.C. § 1983, "a plaintiff must prove that [her] constitutional rights were violated by someone acting under color of state law." *Rodriguez v. Fajardo*, No. 06-4996, 2007 WL 1959254 at *7 (D.N.J. Jul. 3, 2007) (internal citations and quotations omitted). To state a claim against an individual government defendant in a civil rights action, a complaint must allege how that defendant had personal involvement in the wrongdoing. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible."). The requirement of personal involvement or actual knowledge and acquiescence is essential even where a plaintiff tries to hold a defendant accountable under *respondeat superior* or supervisory liability. *Saisi v. Murray*, 822 Fed. App'x 47, 48 (3d Cir. 2020). A defendant cannot be held liable "simply because of his position as the head of [an agency]." *Id.*

Here, Plaintiff lists as Defendant in the matter "Name: Pennsauken Police Department. Official position[:] chief." *See* Compl. at ¶ 4(b). Plaintiff asserts that this person "didn't follow proper procedure, allowed [her] to suffer, allowed Earl Whaley to brutally assault [her] without charges." *Id.* Further, she states that "police responded to a call. I was beaten by Earl Whaley for 30 mins with weapons and fist and suffered many injuries. When police showed up[,] they had to remove him from me. Camera on bodycam shows this. However[,] he was never charged. I begged to press charges[,] they never let me." *Id.* From these facts, the Court construes Plaintiff's claims to assert supervisory liability to the chief of the police department due to the responding officers alleged refusal to permit Plaintiff to press charges. As noted above, in order to hold the Chief of Police accountable pursuant to 42 U.S.C. § 1983, Plaintiff would have to allege that he or she had personal involvement in the deprivation of a constitutional right. Here, she does not assert

that the Chief of Police was one of the responding officers to her attack, she does not allege that the Chief of Police actually knew of the attack and acquiesced, nor does she allege a Constitutional right that she believes was violated. Therefore, Plaintiff's claims against the Chief of the Pennsauken Police Department must be dismissed.

Additionally, Plaintiff only lists the Pennsauken Police Department as Defendant in the caption of the case. If Plaintiff intended to bring charges against the police department as a whole, such a claim would also fail because a municipality and its police department are "a single entity" for the purposes of 42 U.S.C. § 1983, therefore Pennsauken Township, not the Pennsauken Police Department, would be the proper defendant to assert any practice, custom, or policy claim. *See Moran v. Hawthorne Police Dep't*, No. 24-9196, 2025 WL 842315 at *2 (D.N.J. Mar. 18, 2025). Therefore, the Court must dismiss Plaintiff's Complaint in its entirety.

IT IS HEREBY on this 19th day of May, 2025,

**ORDERED** that Plaintiff's Complaint is **DISMISSED**; and further

**ORDERED** that Plaintiff has thirty (30) days to amend her Complaint in to address the deficiencies as discussed in this Memorandum Opinion and Order; if Plaintiff fails to do so the Court will order the Clerk of the Court to close the case; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge