**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KYDERE WILSON,<br><br>Plaintiff,<br><br>v.<br><br>PENNSAUKEN POLICE DEPARTMENT,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-2595 (KMW-EAP)<br><br>MEMORANDUM OPINION AND ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff Kydere Wilson's ("Plaintiff") Amended Complaints (ECF Nos. 4, 6, 7) and her letter filed on June 16, 2025, requesting the opportunity to testify against Defendants Earl Whaley ("Defendant Whaley") and the Pennsauken Police Department (ECF No. 5); and

**THE COURT NOTING** that Plaintiff's initial Complaint was dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] which requires the Court to dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant (ECF No. 3); and

**WHEREAS**, the Court permitted Plaintiff to amend her Complaint to address the deficiencies identified in its Memorandum Opinion and Order (*id.*); and

While the Court has the obligation to construe a pro se litigant's pleadings liberally, it does not require the Court to credit bald assertions or legal conclusions: "[p]ro se litigants still must

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

allege sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citation omitted). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted). Further, pro se plaintiffs are not absolved "of the need to adhere to the Federal Rules of Civil Procedure," *Davis v. Forsdahl*, No. 23-2313, 2025 WL 1118629 at *3 (D.N.J. Apr. 15, 2025); and

**WHEREAS**, the Court notes that many of the same defects remain in Plaintiff's First and Second Amended Complaints (ECF Nos. 4, 6) with regard to her 42 U.S.C. § 1983 claim against the Pennsauken Police Department, which fail because a municipality and its police department are "a single entity" for the purposes of 42 U.S.C. § 1983 and therefore Pennsauken Township, not the Pennsauken Police Department, would be the proper defendant to assert any practice, custom, or policy claim. *See Moran v. Hawthorne Police Dep't*, No. 24-9196, 2025 WL 842315 at *2 (D.N.J. Mar. 18, 2025); and

**WHEREAS**, the Court further notes that many of the same defects remain in Plaintiff's First and Second Amended Complaints (ECF Nos. 4, 6) with regard to her 42 U.S.C. § 1983 claim against the Pennsauken Chief of Police because, as discussed in this Court's previous Memorandum Opinion and Order (ECF No. 3), Plaintiff fails to allege the Chief's personal involvement in the alleged deprivation of constitutional rights or knowledge thereof. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible."); *Saisi v. Murray*, 822 Fed. App'x 47, 48 (3d Cir. 2020) (noting that the requirement of personal involvement or actual knowledge and acquiescence is essential even where a plaintiff tries to hold

a defendant accountable under *respondeat superior* or supervisory liability and holding that a defendant cannot be held liable "simply because of his position as the head of [an agency]."); and

**WHEREAS**, the Court notes that many of the same defects also remain in Plaintiff's Second and Third Amended Complaints (ECF Nos. 6, 7) with regard to her 42 U.S.C. § 1983 claim against Seargent Admir. Plaintiff alleges that Sergeant Admir "violated [her] rights [because he] failed to go through with domestic violence charges" (ECF No. 6 at 3) and requests that the Court allow her to press charges against Defendant Whaley (ECF No. 7 at 5). Plaintiff's Amended Second and Third Amended Complaints (ECF Nos. 6, 7) fail to state a claim as to Sergeant Admir because, as set forth in this Court's previous Opinion (ECF No. 3), "[f]ailure to prosecute" or "failure to file criminal charges" is not cognizable under any federal law. *See Rowan v. Staiger*, No. 9-275, 2009 WL 1405494 at *3 (D.N.J. May 19, 2009) ("This Court finds that any such claim alleging failure to prosecute or file criminal charges is not cognizable under any federal law, specifically, 42 U.S.C. § 1983."); *see also Leeke v. Timmerman*, 454 U.S. 83, 85-87, (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non[-]prosecution of another"); *Messner v. Weingarten*, No. 19-15752, 2024 WL 4224836 at *6 (D.N.J. Sept. 17, 2024) (finding plaintiff was unable bring her claim because there is no cause of action to request the prosecution of another); *Fakla v. Borough of Middlesex*, No. 22-04126, 2023 WL 4197168 at *3 (D.N.J. Jun. 27, 2023) ("courts have long held that civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third part[y]."); and

**WHEREAS**, the Court notes that Plaintiff's Third Amended Complaint asserts a claim against Defendant Whaley, her mother's former boyfriend, pursuant to 42 U.S.C. § 1983 for allegedly assaulting Plaintiff while she was at his residence (ECF No. 7 at 2-3); and

**WHEREAS**, to state a claim pursuant to 42 U.S.C. § 1983, "a plaintiff must prove that [her] constitutional rights were violated by someone acting under color of state law." *Rodriguez v. Fajardo*, No. 06-4996, 2007 WL 1959254 at *7 (D.N.J. Jul. 3, 2007) (internal citations and quotations omitted); and

**WHEREAS**, Plaintiff does not allege that Defendant Whaley was an individual acting under color of state law at the time of the alleged assault (*see generally* ECF No. 7), the Court finds that Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983 against Defendant Whaley. Therefore, the Court must dismiss this matter in its entirety.

IT IS HEREBY on this 14th day of August, 2025,

**ORDERED** that Plaintiff's Amended Complaints (ECF Nos. 4, 6, 7) are **DISMISSED**; and further

**ORDERED** that Plaintiff's 42 U.S.C. § 1983 claim against the Pennsauken Police Department is **DISMISSED WITH PREJUDICE**; and

**ORDERED** that Plaintiff has thirty (30) days to amend her pleadings into a single, comprehensive Amended Complaint in compliance with the Federal Rule of Civil Procedure 8, and if Plaintiff fails to do so, the Court will Order the Clerk of Court to close the case; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE