UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KYDERE WILSON,<br><br>                 Plaintiff,<br>     v.<br><br>BOROUGH OF PENNSAUKEN,<br><br>                 Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-2595 (KMW-EAP)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of pro se Plaintiff Kydere Wilson's ("Plaintiff") Fourth Amended Complaint (ECF No. 9); and

**THE COURT NOTING** that Plaintiff's previous Complaints (ECF Nos. 1, 4, 6, and 7) were all dismissed (ECF Nos. 3 and 8) pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] which requires the Court to dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant; and

**WHEREAS**, the Court permitted Plaintiff to amend her Complaint into a single, comprehensive Amended Complaint in compliance with the Federal Rule of Civil Procedure 8 to address the deficiencies identified in its Memorandum Opinion and Order (ECF No. 8.).

While the Court has the obligation to construe a pro se litigant's pleadings liberally, it does not require the Court to credit bald assertions or legal conclusions: "[p]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citation omitted).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

"Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted). Further, pro se plaintiffs are not absolved "of the need to adhere to the Federal Rules of Civil Procedure," *Davis v. Forsdahl*, No. 23-2313, 2025 WL 1118629 at *3 (D.N.J. Apr. 15, 2025); and

**WHEREAS**, the Court notes that many of the same defects remain in Plaintiff's Fourth Amended Complaint (ECF No. 9) with regard to her 42 U.S.C. § 1983 claim, which fail because "failure to prosecute" or "failure to file criminal charges" is not cognizable under any federal law. *See Rowan v. Staiger*, No. 9-275, 2009 WL 1405494 at *3 (D.N.J. May 19, 2009) ("This Court finds that any such claim alleging failure to prosecute or file criminal charges is not cognizable under any federal law, specifically, 42 U.S.C. § 1983."); *see also Leeke v. Timmerman*, 454 U.S. 83, 85-87, (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non[-]prosecution of another"). Similarly, in *Messner v. Weingarten*, No. 19-15752, 2024 WL 4224836 at *6 (D.N.J. Sept. 17, 2024), the plaintiff was unable bring her claim because there is no cause of action to request the prosecution of another. *See also Fakla v. Borough of Middlesex*, No. 22-04126, 2023 WL 4197168 at *3 (D.N.J. Jun. 27, 2023) ("courts have long held that civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third part[y]."); and

**WHEREAS**, the sole defendant named in Plaintiff's Fourth Amended Complaint is the Borough of Pennsauken. Municipal liability does not attach under a theory of *respondeat superior* or vicarious liability. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Instead, municipal liability only attaches when "the execution of the government's policy or custom…inflicts the injury." *Id.* (quotations omitted). As such, to determine municipal liability the Court must inquire

as to whether there was a "direct causal link between a municipal policy or custom and [the] alleged constitutional deprivation." *Id.* In this case, the Plaintiff's Fourth Amended Complaint asserts a claim under 42 U.S.C.§ 1983, describing Pennsauken Police Department's failure to prosecute or a failure to file criminal charges. To hold the Defendant liable, the Plaintiff is required to plead allegations of the Defendant's customs and/or policies that establish a direct causal link to a constitutional violation that resulted in the Plaintiff's injuries. The Plaintiff does not identify a constitutional right that was violated let alone identify the custom or policy that caused such a violation. Because the Plaintiff does not provide sufficient detail to establish the constitutional right that was violated, nor does Plaintiff plead the Defendant's custom and/or policy that directly caused her injuries, Plaintiff fails to state a claim, and the Fourth Amended Complaint must be dismissed pursuant to Fed. R. Cv. P. 12(b)(6).

Therefore, the Court must dismiss this matter in its entirety.

**IT IS HEREBY** on this 5th day of December, 2025, ORDERED

A. Plaintiff's Fourth Amended Complaint (ECF Nos. 9) is **DISMISSED**

B. Plaintiff has thirty (30) days to amend her pleadings in light of the deficiencies described in this Memorandum Opinion and Order, and if Plaintiff fails to do so, the Court will order the Clerk of Court to close the case

C. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE