UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| KYDERE WILSON,<br><br>         Plaintiff,<br>   v.<br><br>BOROUGH OF PENNSAUKEN,<br><br>         Defendant. | HONORABLE KAREN M. WILLIAMS<br><br><br>Civil Action<br>No. 25-2595 (KMW-EAP)<br><br><br>**MEMORANDUM OPINION AND<br>ORDER** |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Kydere Wilson's ("Plaintiff") Fifth Amended Complaint (ECF No. 11); and

**THE COURT NOTING** that Plaintiff's previous Complaints (ECF Nos. 1, 4, 6, 7, and 9) were all dismissed (ECF Nos. 3, 8, and 10) pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] which requires the Court to dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant; and

**WHEREAS,** the Court permitted Plaintiff to amend her Complaint to address the deficiencies identified in its Memorandum Opinion and Order (ECF No. 10).

While the Court has the obligation to construe a pro se litigant's pleadings liberally, it does not require the Court to credit bald assertions or legal conclusions: "[p]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Griffin v. State Dep't of Human Servs.*, No. 18-14697, 2019 WL 3369783 at *2 (D.N.J. Jul. 26, 2019) (internal citation omitted). "Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Id.* (internal citations omitted). Further, pro se plaintiffs are not absolved "of the need to adhere to the Federal Rules of Civil Procedure," *Davis v. Forsdahl*, No. 23-2313, 2025 WL 1118629 at *3 (D.N.J. Apr. 15, 2025); and

**WHEREAS**, the Court notes that many of the same defects remain in Plaintiff's Fifth Amended Complaint (ECF No. 9) with regard to her 42 U.S.C. § 1983 claim, which fail because "failure to prosecute" or "failure to file criminal charges" is not cognizable under any federal law. *See Rowan v. Staiger*, No. 9-275, 2009 WL 1405494 at *3 (D.N.J. May 19, 2009) ("This Court finds that any such claim alleging failure to prosecute or file criminal charges is not cognizable under any federal law, specifically, 42 U.S.C. § 1983."); *see also Leeke v. Timmerman*, 454 U.S. 83, 85-87, (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non[-]prosecution of another"). Similarly, in *Messner v. Weingarten*, No. 19-15752, 2024 WL 4224836 at *6 (D.N.J. Sept. 17, 2024), the plaintiff was unable bring her claim because there is no cause of action to request the prosecution of another. *See also Fakla v. Borough of Middlesex*, No. 22-04126, 2023 WL 4197168 at *3 (D.N.J. Jun. 27, 2023) ("courts have long held that civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third part[y]."); and

**WHEREAS**, the Defendant named in Plaintiff's Fifth Amended Complaint is the Borough of Pennsauken Police Department, and in New Jersey, a police department is not a separate entity from the municipality, it is "merely an administrative arm of the local municipality" rendering it an improper defendant that cannot be sued in conjunction with the municipality. *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004); *Foster v. Essex Cnty. Corr. Facility*, No. 23-1613 (BRM) (MAH), 2023 WL 6366563, at *6 (D.N.J. Sept. 28, 2023). As such, the Borough

2

of Pennsauken Police Department is not a proper Defendant and the Fifth Amended Complaint must be dismissed as to Defendant Police Department.

Therefore, the Court must dismiss this matter in its entirety.

**IT IS HEREBY** on this ⁀⁀ day of March, 2026, **ORDERED**

A.  Plaintiff's Fifth Amended Complaint (ECF No. 11) is **DISMISSED WITHOUT PREJUDICE WITHOUT LEAVE TO AMEND.**

B.  The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

3